UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ANDREW BERNARD, JR., <br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br> Defendant. | Case No.: 16-cv-2602-JM (DHB) <br><br> **REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> **[ECF Nos. 10, 16]** |

## I. INTRODUCTION

On October 19, 2016, Plaintiff Frank Andrew Bernard, Jr. ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") regarding the denial of Plaintiff's claim for Supplemental Security Income. (ECF No. 1.) On December 20, 2016, Defendant filed an Answer and the Administrative Record ("A.R."). (ECF Nos. 7, 8.) On February 22, 2017, Plaintiff filed a cross motion for summary judgment seeking reversal of Defendant's denial of benefits and an order awarding Plaintiff benefits. (ECF No. 10.) Plaintiff contends the Administrative Law Judge's ("ALJ") reasons for discrediting Plaintiff's allegations of disabling pain are legally insufficient. (ECF No. 10 at pp. 17-20.) Also, Plaintiff contends

the ALJ erred in rejecting the opinion of the treating specialist in favor of the opinions of two reviewing doctors. (*Id.* at pp. 20-21.) On May 22, 2017, Defendant filed a cross-motion for summary judgment and a response in opposition to Plaintiff's cross motion for summary judgment.[1] (ECF Nos. 16, 17.) On June 5, 2017, Plaintiff filed the reply to his cross motion. (ECF No. 18.) To date, Defendant has not filed a reply to its cross motion.

For the reasons set forth herein, and after careful consideration of the parties' motions, the Administrative Record, and the applicable law, the Court hereby **RECOMMENDS** that (1) Plaintiff's motion for summary judgment be **GRANTED**; (2) Defendant's cross-motion for summary judgment be **DENIED**; and (3) the case be **REMANDED** for further administrative proceedings.

## II. PROCEDURAL BACKGROUND

On January 9, 2013, Plaintiff applied for Supplemental Security Income alleging disability beginning March 1, 2011. (A.R. at pp. 178-84, 185-91.) The Social Security Administration denied Plaintiff's claim initially on March 14, 2013, and upon reconsideration on September 20, 2013. (A.R. at pp. 111-15, 118-22.) On October 21, 2013, Plaintiff filed a written request for hearing. (A.R. at pp. 126-27.) Following a February 3, 2015 administrative hearing, ALJ Robert Iafe denied Plaintiff's application on May 1, 2015. (A.R. at pp. 11-20, 26-53.)

At step one of the sequential evaluation process, the ALJ indicated that Plaintiff "has not engaged in substantial gainful activity since March 1, 2011, the alleged onset date." (A.R. p. 13.) At step two, the ALJ determined that Plaintiff "has the following severe impairments: degenerative disc disease; status-post lumbar fusion; arthritis, hip; affective disorder; possible personality disorder; and use of medical marijuana for pain." (*Id.*) At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in 20 CFR Part 404, Subpart P, Appendix 1. (A.R. at p. 14.) Before conducting step four

---

[1] Although filed separately, Defendant's cross motion for summary judgment and response in opposition to Plaintiff's cross motion for summary judgment are in fact the same document.

of the analysis, the ALJ noted that Plaintiff "has the residual functional capacity ['RFC'] to perform light work" except the Plaintiff "can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday with normal breaks; sit for 6 hours in an 8-hour workday with normal breaks; occasionally perform postural activities; must avoid concentrated exposure to extreme cold, vibration, uneven terrain, and work hazards such as unprotected heights and dangerous machinery; and understand, remember, and carry out simple instructions for simple repetitive tasks." (A.R. at pp. 15-18.) At step four, the ALJ determined that Plaintiff has past relevant work as a material handler and an assistant manager. (A.R. at p. 19.) At the final step, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.*) As a result, the ALJ concluded Plaintiff is not disabled as defined in the Social Security Act. (A.R. at p. 20.)

On May 13, 2015, Plaintiff requested review by the Appeals Council. (A.R. at p. 19.) The Commissioner's decision became final on August 26, 2016, when the Appeals Council denied Plaintiff's request for review. (A.R. at pp. 1-6.)

On October 19, 2016, Plaintiff timely filed a Complaint pursuant to 42 U.S.C. § 405(g). (ECF No. 1.)

### III. LEGAL STANDARDS

A. **Determination of Disability**

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) he suffers from a medically determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work he previously performed or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). A claimant must meet both requirements to be classified as "disabled." *Id*.

The Commissioner makes the assessment of disability through a five-step sequential

evaluation process.  If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000).  The five steps are:

> 1. Is claimant presently working in a substantially gainful activity?  If so, then the claimant is not disabled within the meaning of the Social Security Act.  If not, proceed to step two.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. Is the claimant's impairment severe?  If so, proceed to step three.  If not, then the claimant is not disabled.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1?  If so, then the claimant is disabled.  If not, proceed to step four.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is not disabled.  If not, proceed to step five.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).
>
> 5. Is the claimant able to do any other work?  If so, then the claimant is not disabled.  If not, then the claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Although the ALJ must assist the claimant in developing a record, the claimant bears the burden of proof during the first four steps, while the Commissioner bears the burden of proof at the fifth step.  *Tackett*, 180 F.3d at 1098 & n.3 (citing 20 C.F.R. § 404.1512(d)).  At step five, the Commissioner must "show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience."  *Id*. at 1100 (quoting 20 C.F.R. § 404.1560(b)(3)).

///

///

**B.     Scope of Review**

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited. The Court must affirm the Commissioner's decision, unless it "is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 599, 601 (9th Cir. 1995)); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence." (citing *Tidwell*, 161 F.3d at 601)).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten*, 44 F.3d at 1457 (citing *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1985)). In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)). The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (citing *Andrews v. Shalala*, 53 F. 3d 1035, 1039-40 (9th Cir. 1995))); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary." (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). However, even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a conclusion. *Benitez v. Califano*, 573

F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

Section 405(g) permits the Court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The matter may also be remanded to the Social Security Administration for further proceedings. *Id*.

## IV. DISCUSSION

The following issues are currently before the Court: (1) whether the ALJ's decision was supported by substantial evidence; and (2) whether the ALJ applied the proper legal standard in reaching his conclusion.

Plaintiff argues the ALJ's credibility finding as it relates to Plaintiff's pain is not supported by substantial evidence. (ECF No. 10 at pp. 17-20.) Specifically, Plaintiff contends the ALJ's rejection of his pain and consequent functional limitations is disjointed and not supported by a specific rationale. (*Id.* at pp. 18-19.) Plaintiff asserts there is ample medical evidence that he suffers from a condition that would cause the pain alleged. (*Id.* at p. 19.) Also, Plaintiff argues the ALJ erred legally when he rejected the opinion of the treating specialist in favor of the opinions of two reviewing doctors. (*Id.* at pp. 20-21.) Plaintiff contends the treating pain management specialist is the best doctor to opine on Plaintiff's pain. (*Id.*) Plaintiff avers the ALJ simply rejected the doctor's opinion because the treating specialist noted that Plaintiff's limitations were "purely subjective," without considering Plaintiff's functional capacity. (*Id.* at p. 21.)

In the cross-motion for summary judgment, the Commissioner contends substantial evidence supports the ALJ's adverse credibility finding. (ECF No. 16-1 at pp. 4-7.) The Commissioner points out that the ALJ identified daily activities which Plaintiff performed and led to the ALJ's conclusion that those activities tend towards Plaintiff "obtaining and maintaining employment."[2] (*Id.* at p. 5.) The Commissioner states the ALJ may have

---

[2] Although the Respondent lists additional daily activities (i.e. helping to care for a family dog, shopping once per week, preparing his own meals, etc.) which Plaintiff performed, the ALJ failed to identify these activities in his decision.

satisfied his specified reasoning obligation for disregarding Plaintiff's testimony by stating that "[Plaintiff] was laid off from the construction warehouse job when the project was finished." (*Id.* at pp. 5-6.) If true, that finding would undermine Plaintiff's claim of disability as his employment ended for non-medical reasons. In addition, the Commissioner highlights that four physicians found that Plaintiff was not disabled despite his impairments, which further supported the ALJ's adverse credibility finding.[3] (*Id.* at p. 7.) The Commissioner also argues the ALJ provided good reasons supported by substantial evidence explaining why he rejected the opinion of Dr. Watson, the treating physician. (*Id.* at pp. 8-9.) Specifically, the Commissioner asserts that the treating physician's opinion was afforded less weight as it was based primarily on Plaintiff's self-reporting. (*Id.* at p. 8.) Notwithstanding reliance on Plaintiff's self-reporting, the Commissioner contends Dr. Watson's opinion was permissibly rejected as it was presented in an unexplained "check-box" format. (*Id.* at p. 9.) Moreover, the Commissioner contends Dr. Watson's conclusions as implausibly extreme and unsupported by the record. (*Id.*)

In Plaintiff's opposition to the Commissioner's cross motion and reply to his cross motion, Plaintiff argues that the Commissioner's contentions about Plaintiff's mental impairment are immaterial as they are not at issue here. (ECF No. 18 at p. 1.) Plaintiff also argues that the Commissioner, in an attempt to re-write the ALJ's decision, cites additional daily activities which were not cited by the ALJ in his decision. (*Id.*) Plaintiff then asserts that the thin rationale provided by the ALJ does not support his findings that Plaintiff "can engage in light work, requiring standing and walking two-thirds of a work day, and lifting up to twenty pounds." (*Id.* at p. 2.) For those reasons, Plaintiff requests the Court remand this case with an order to either grant benefits or provide additional rationale for rejecting Plaintiff's pain complaints and consequent limitations. (*Id.*)

---

[3] The four treating physicians are the following: 1) Dr. Jonas, a consultative medical expert, who testified the treatment record did not provide support for a less sedentary exertional limitation; 2) Dr. Tadros, a consultative medical examiner, who determined Plaintiff had mild to moderate mental limitations as board certified psychiatrist; 3) Dr. Mazuryk; and 4) Dr. Do. The latter two doctors were state agency reviewing physicians and their opinions are discussed herein.

**1. The ALJ Arbitrarily Discredited Plaintiff's Pain Severity Allegations.**

A claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged…'" *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A)). If the claimant produces objective evidence and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). "If an ALJ's decision is based on a credibility assessment, there must be an explicit finding as to whether the Claimant's testimony was believed or disbelieved and the testimony must not be entirely discounted simply because there was a lack of objective findings." *Hudson v. Bowen*, 849 F.2d 433, 434-35 (9th Cir. 1988). The Ninth Circuit employs a "clear and convincing reasons" standard, not a "substantial evidence" standard, when reviewing an ALJ's decision to discredit a claimant's allegations. *Chaudry v. Astrue*, 688 F.3d 661, 670-71 (9th Cir. 2012).

The claimant need not show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom. *Bunnell*, 947 F.2d at 347-48. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. *Id.* at 345. Thus, the causal relationship need only be a reasonable inference rather than a medically proven phenomenon. *See Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986).

In his decision, the ALJ gave the following reasoning in regards to Plaintiff's pain severity allegations:

> "Despite the claimant's assertion of disability, he was able to live at home with his wife and children ages 13, 18, and 21 (See Testimony). He also could still drive but not for prolonged distances (*id.*).
> 
> The claimant's ability to participate in such activities undermines the

> credibility of his allegations of disabling functional limitations. Some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment…
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision…
>
> The credibility of the claimant's allegations regarding the severity of his symptoms and limitations is diminished because those allegations are greater than expected in light of the objective evidence of record. The positive objective clinical and diagnostic findings since the alleged onset date detailed above [March 1, 2011] do not support more restrictive functional limitations than those assessed herein."

(A.R. at pp. 16-17.)

Plaintiff presented objective evidence of underlying back pain which could reasonably be expected to produce the pain he alleged. Plaintiff produced medical evidence that he suffers from chronic lumbar degenerative disc disease. "L4-5 degenerative this [*sic*] disease with shallow central to left paracentral disc extrusion that partially effaces the left subarticular recess and likely contacts the traversing left L5 nerve root…" (A.R. at p. 531.) Also, Plaintiff presented evidence of lumbar epidural steroid injections, lumbar medial branch block, and a surgical fusion of his L4-5, treatments he received to treat his alleged impairment. (A.R. at pp. 340-41, 653-54.) Plaintiff testified about using medical marijuana and pain pills to manage his pain, which Plaintiff also testified fluctuated between seven out of ten and eight and a half out of ten on a zero to ten pain metric. (A.R. at pp. 46-47.) In addition, Plaintiff testified that he had problems

standing, walking, sitting, and lifting/carrying items. (A.R. at p. 42.) For these reasons, the Court finds that Plaintiff's lumbar condition and degenerative disc disease could reasonably be expected to cause the severity of pain he alleged. The Court finds the ALJ could not reject the Plaintiff's testimony about the severity of his symptoms unless the ALJ offered specific, clear and convincing reasons for doing so.

The ALJ's rejection of Plaintiff's allegations regarding his pain symptoms was not based on clear and convincing reasons. The ALJ identified Plaintiff's ability to live at home with his wife and children and his ability to drive short distances as reasons to discredit his allegations. (A.R. at p. 16.) The ALJ also based his rejection on the fact that Plaintiff's allegations were "greater than expected in light of the objective evidence of record." (A.R. at p. 17.) The daily activities the ALJ identified could not be transferred to the workplace as Dr. Michael Arthur Flippin indicated that Plaintiff's "[s]ymptoms are worsened by sitting and standing. 'everything' [*sic*]" and he could only walk 10-15 minutes without inciting his disabling pain. (A.R. at p. 626.) The record also demonstrates that Plaintiff attempted more conservative treatments, including epidural steroid injections, to deal with his pain before seeking out a surgical remedy. (*Id.*) The record even indicates that one of the side effects of epidural steroid injections and/or lumbar medial branch blocks which Plaintiff received was pain, which could have amplified Plaintiff's pain occurrences. (A.R. at pp. 376, 382.)

Without addressing the duration and progression of Plaintiff's pain intensity, the ALJ failed to state upon whose pain allegation expectation his finding was premised in order to discredit Plaintiff's allegation. Moreover, this finding does not consider any of the Social Security Ruling ("SSR") 88-13 factors.[4] Accordingly, the Court finds the ALJ arbitrarily discredited Plaintiff's testimony and objective evidence regarding pain.

---

[4] SSR 88-13 lists a number of factors an adjudicator must consider to determine the credibility of the claimant's allegations of disabling pain. These factors are: 1. The nature location, onset, duration, frequency, radiation, and intensity of any pain; 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions); 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication; 4. Treatment, other than medication, for relief of pain; 5. Functional restrictions; and 6. The claimant's daily activities."

Therefore, the Court concludes the ALJ's reasons for discrediting Plaintiff's allegations of disabling pain were legally insufficient.

## 2. The ALJ Did Not Determine If Plaintiff Has an Additional and Significant Work-Related Limitation.

The ALJ must ordinarily give greater weight to opinions rendered by both treating physicians and specialists. 20 C.F.R. § 404.1527 (d)(2) and (5). Disability opinions are reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1). Generally, the ALJ must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ must also generally give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* If two opinions conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician in favor of an examining physician. *Id.* However, the ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "An ALJ may reject a treating physician's opinion *if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible*." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation marks omitted) (emphasis added).

In his decision, the ALJ gave the following reasoning for giving less weight to Dr. Watson's, a treating physician, physical capacities evaluation in favor of Drs. Mazuryk and Do, two reviewing physicians:

> "The undersigned has read and gives less weight to the physical capacities evaluation, dated January 26, 2105, by Dr. Watson, a treating physician, who asserted the claimant could not sit, stand, and/or walk, at one time or at all during an eight-hour workday; and he could only occasionally lift and/or carry up to five pounds (8f, p. 2). However, Dr. Watson remarked that these asserted limitations were purely subjective, per the claimant (*id.*). As such, less weight is afforded to this assessment, as it is not based on the objective opinion of the treating doctor (*id.*).

> The undersigned has read and gives great weight to the findings of State agency reviewers, Dr. Mazuryk and Dr. Do, who found the claimant's physical impairments did not preclude him from performing a significant range of light work capacity, whereby he could lift and/or carry 20 pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour workday with normal breaks; sit for six hours in an eight-hour workday with normal breaks; occasionally perform postural activities; and must avoid concentrated exposure to extreme cold, vibration, uneven terrain, and work hazards such as unprotected heights and dangerous machinery (1A, pp. 9-11; 5A, pp. 7-9)."

(A.R. at pp. 17-18.)

The ALJ did not provide specific and legitimate reasons for rejecting the treating physician's opinion. The Court is limited in review to only the reasons stated by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Here, the ALJ gave one reason for giving less weight to Dr. Watson's, the treating pain management doctor, while giving no reasoning for giving great weight to the findings of the reviewing doctors. The Court recognizes that Dr. Watson's opinion is not remarkably insightful as his only input was circling and checking choices on the physical capacities evaluation form. (A.R. at p. 709.) Notwithstanding Dr. Watson's check-box form analysis, the ALJ failed to give specific and legitimate reasons why Dr. Watson's assessments deviated from the objective medical records. Moreover, the ALJ did not properly discount Plaintiff's testimony as incredible, which he must do in order to reject Dr. Watson's opinion based on Plaintiff's self-reports. *Tommasetti*, 533 F.3d at 1041.

Therefore, the Court concludes that, in rejecting Dr. Watson's opinion, the ALJ did not give specific and legitimate reasons supported by substantial evidence.

**3. It Is Not Clear Whether the ALJ Committed Harmless Error**

An error is harmless when the record is clear that the error was inconsequential to the determination that the claimant was not disabled. *Molina v. Astrue*, 674 F.3d 1104, 115

(9th Cir. 2012). If the record is unclear as to whether the error is harmless, remand is appropriate. *Black v. Astrue*, 472 Fed. Appx. 491, 493 (9th Cir. 2012).

Here, it is not clear whether the ALJ's arbitrary discrediting of Plaintiff's testimony and Dr. Watson's opinion was harmless. As mentioned above, the ALJ's rejection of Plaintiff's allegations regarding his pain symptoms was not based on clear and convincing reasons, and the ALJ did not provide specific and legitimate reasons for rejecting the treating physician's opinion.

The Court concludes that the record is unclear if the ALJ could provide the proper reasoning supported by substantial evidence for his rejections.

### 4. Remand for Further Proceedings Is Appropriate

"[T]he decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998) citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). If the ALJ's decision "is not supported by the record, 'the proper course…is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. When, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) (citations omitted).

Here, as indicated above, the ALJ arbitrarily discredited Plaintiff's testimony and failed to provide specific and legitimate reasons supported by substantial evidence in rejecting Dr. Watson's opinion. Therefore, the Court finds remand for further proceedings is appropriate. On remand, the ALJ must provide legally sufficient reasons for rejecting Plaintiff's testimony and objective evidence regarding and rejecting Dr. Watson's opinion. If the ALJ cannot do so, the ALJ must either credit the evidence as true and required to find Plaintiff disabled or provide specific reasons supported by substantial evidence as to why Plaintiff would still be judged not disabled.

## IV. CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, this Court **RECOMMENDS** that (1) Plaintiff's motion for summary judgment be **GRANTED**, (2) Defendant's cross-motion for summary judgment be **DENIED**, and (3) the case be **REMANDED** for further administrative proceedings.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d).

**IT IS HEREBY ORDERED** that no later than **January 12, 2018**, any party may file and serve written objections with the Court and serve a copy on all parties. The documents should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed and served **no later than seven days** after being served with the objections. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 26, 2017

LOUISA S PORTER
United States Magistrate Judge